UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| EDWARD S. WILLIAMS and<br>CAMILE V. WILLIAMS,<br>　　　　　　　Plaintiffs,<br>v.<br><br>STUART A. GOLD, *et al.*,<br>　　　　　　　Defendants.<br>_____/ | Case No. 23-12690<br><br>Mark A. Goldsmith<br>United States District Judge<br><br>Curtis Ivy, Jr.<br>United States Magistrate Judge |

# REPORT AND RECOMMENDATION ON PLAINTIFFS' MOTION FOR EMERGENCY INJUNCTIVE RELIEF (ECF No. 26)

## I.  Discussion

Plaintiffs Edward and Camile Williams moved for emergency ex-parte injunctive relief on February 23, 2024, to stop the sale of real property located at 18405 Prairie St., Detroit, Michigan.  (ECF No. 26).  In support of the motion, they state:

> The property was illegally seized on May 17, 2023, and is now the focal point of a pending lawsuit, case No. 23-cv-12690 as stated above.  It was at that time my primary residence and [sic] was illegally and unlawfully seized by bankruptcy trustee, sold to the U-Snap-Bac organization and is as stated above, the focal point of pending legal actions.

(ECF No. 26, PageID.394-95).

The motion should be denied.  The first reason is Plaintiffs' failure to meet the procedural requirements of an ex-parte motion for injunctive relief.  The "only type of injunctive relief that a district court may issue ex parte is a temporary restraining order." *First Tech. Safety Sys., Inc. v. Depinet*, 11 F.3d 641, 650 (6th Cir. 1993).  Federal Rule of Civil Procedure 65(b) requires "specific facts in an affidavit or a verified complaint clearly show[ing] that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard" and "the movant's attorney certif[ying] in writing any efforts made to give notice and the reasons why it should not be required."  Fed. R. Civ. P. 65(b)(1)(A), (B).  A verified complaint must be "in writing as true under penalty of perjury, dated, and in substantially the following form: 'I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct.  Executed on (date). (Signature).'"  *Simmons v. City of Southfield*, 2020 WL 1868774, at *7 (E.D. Mich. Jan. 27, 2020).  Affidavits must also be "under oath." *Spencer v. Donohue*, 2019 WL 5680810, at *2 (E.D. Mich. Aug. 30, 2019).  The complaint is not verified and Plaintiffs did not attach an affidavit to their motion certifying efforts made to give notice.  So to the extent that Plaintiffs want the Court to rule on their motion without permitting Defendants an opportunity to respond, the Court cannot do so.

Since the motion was filed on the public docket, Defendants have notice of it and can respond. Thus, despite Plaintiffs calling the motion "ex-parte," it is not actually ex-parte. Even so, the motion should be denied for Plaintiffs' failure to meet the substantive requirements of a motion for injunctive relief. Federal Rule of Civil Procedure 65 governs injunctions and temporary restraining orders. The decision to grant or deny injunctive relief falls solely within the discretion of the district court. *See Ohio Republican Party v. Brunner*, 543 F.3d 357, 361 (6th Cir. 2008). In exercising its discretion, a court must consider whether plaintiff has established these elements: "(1) whether the movant has a strong likelihood of success on the merits; (2) whether the movant would suffer irreparable injury without the injunction; (3) whether the issuance of the injunction would cause substantial harm to others; and (4) whether the public interest would be served by issuance of the injunction." *City of Pontiac Retired Emps. Ass'n v. Schimmel*, 751 F.3d 427, 430 (6th Cir. 2014). Plaintiffs, as the moving party, bear the burden of demonstrating entitlement to injunctive relief. *Leary v. Daeschner*, 228 F.3d 729, 239 (6th Cir. 2000). Preliminary injunctions are not favored, and a movant is not necessarily entitled to relief, even if the movant has shown likelihood of success on the merits. *Benisek v. Lamone*, 138 S. Ct. 1942, 1943-44 (2018). It is well settled that, "[a]lthough no one factor is controlling, a finding that there is simply no

likelihood of success on the merits is usually fatal." *Gonzales v. National Bd. of Med. Examiners*, 225 F.3d 620, 625 (6th Cir. 2000).

Plaintiffs made none of the required showings and the Court cannot make arguments for the parties. So the motion should be denied.

**II.    Recommendation and Procedure on Objections**

For the reasons set forth above, the undersigned **RECOMMENDS** that Plaintiffs' motion for emergency injunctive relief (ECF No. 26) be **DENIED**.

The parties to this action may object to and seek review of this Report and Recommendation, but are required to file any objections within 14 days of service, as provided for in Federal Rule of Civil Procedure 72(b)(2) and Local Rule 72.1(d). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505 (6th Cir. 1981). Filing objections that raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Sec'y of Health and Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Loc. 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to Local Rule 72.1(d)(2), any objections must be served on this Magistrate Judge.

Any objections must be labeled as "Objection No. 1," "Objection No. 2," etc. Any objection must recite precisely the provision of this Report and

Recommendation to which it pertains. Not later than 14 days after service of an objection, the opposing party may file a concise response proportionate to the objections in length and complexity. Fed. R. Civ. P. 72(b)(2), Local Rule 72.1(d). The response must specifically address each issue raised in the objections, in the same order, and labeled as "Response to Objection No. 1," "Response to Objection No. 2," etc. If the Court determines that any objections are without merit, it may rule without awaiting the response.

Date: February 26, 2024.                s/Curtis Ivy, Jr.
                                        Curtis Ivy, Jr.
                                        United States Magistrate Judge

## CERTIFICATE OF SERVICE

The undersigned certifies that this document was served on counsel of record and any unrepresented parties via the Court's ECF System or by First Class U.S. mail on February 26, 2024.

                                        s/Sara Krause
                                        Case Manager
                                        (810) 341-7850