UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

EDWARD S. WILLIAMS et al.,

        Plaintiffs,                    Case No. 23-cv-12690

v.                                        HON. MARK A. GOLDSMITH

STUART A. GOLD et al.,

        Defendants.
_____/

**OPINION & ORDER**
**(1) ADOPTING IN PART AND DENYING IN PART THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION (Dkt. 44) AND (2) GRANTING DEFENDANTS' MOTIONS TO DISMISS (Dkts. 10, 16, 19, 20)**

The matter before the Court is the Report and Recommendation (R&R) of Magistrate Judge Curtis Ivy, Jr., issued on July 18, 2024 (Dkt. 44). In the R&R, the magistrate judge recommends that the Court grant the following motions to dismiss: (i) Dkt. 10: filed by the "Gold Defendants" (Stuart A. Gold, Elias T. Majoros, Jason P. Smalarz, and Gold, Lange, Majoros and Smalarz, P.C.); (ii) Dkt. 19: filed by Judge Thomas J. Tucker; and (iii) Dkt. 20: filed by the "Warr Defendants" (James C. Warr & Associates, PLC, and James C. Warr). See R&R. The magistrate judge recommends denying the motion to dismiss (Dkt. 16) filed by the "Caldwell Defendants" (Brian Caldwell, Caldwell Realty & Associates, and U-Snap-Bac). Id. For the reasons that follow, the Court (i) adopts in part and denies in part the R&R and (ii) grants all motions to dismiss.[1]

---

[1] Because oral argument will not aid the Court's decisional process, the motions will be decided based on the parties' briefing. See E.D. Mich. LR 7.1(f)(2); Fed. R. Civ. P. 78(b).

1

## I. BACKGROUND

The full relevant factual background is set forth in the magistrate judge's R&R. See R&R at 2–6. Beginning in 2010, Plaintiff Edward Williams lived in a house located at 18405 Prairie Street in Detroit, Michigan, with his wife and three children (one of whom is Plaintiff Camille Williams). Am. Compl. at PageID.33 (Dkt. 6). Edward Williams alleges that his wife, Celia Williams, initially owned the property, but that, in March 2019, his wife signed a quit claim deed to the property to their three kids. Id. Celia Williams died in June 2019. Id.

In 2020, Edward Williams filed for Chapter 7 voluntary bankruptcy. Id. at PageID.33. Stuart A. Gold was appointed trustee of the bankruptcy estate. Id. In 2021, Gold, as trustee, filed for and obtained a judgment declaring that the property at 18405 Prairie constituted property of the bankruptcy estate. Gold Def. Mot. to Dismiss at 9. The property was ultimately sold as part of the bankruptcy proceedings pursuant to an order entered by bankruptcy Judge Tucker. R&R at 5 (citing Am. Compl. at PageID.37).

Plaintiffs brought claims in this action for (i) violation of their Fifth Amendment rights, (ii) civil conspiracy and/or collusion, (iii) negligence/legal malpractice, (iv) fraud and misrepresentation, and (v) intentional infliction of emotional distress. R&R at 6. The claim for negligence/legal malpractice is asserted against the Warr Defendants alone; the rest of the claims are asserted against all Defendants. See Am. Compl. at PageID.43.

The Defendants all filed motions to dismiss the complaint. See Dkts. 10, 16, 19, 20. The magistrate judge recommended granting the Gold Defendants' motion based on: (i) Gold's immunity as the Chapter 7 trustee and (ii) the Barton doctrine, which requires leave of the bankruptcy court to sue a trustee. R&R at 7–11 (citing Barton v Barbour, 104 U.S. 126 (1881)). The magistrate judge recommended granting Judge Tucker's motion based on absolute judicial

immunity. Id. at 16–17. The magistrate judge also recommended granting the Warr Defendants' motion, finding that Plaintiffs failed to adequately plead their claims. Id. at 17–26. The magistrate judge recommended denying the Caldwell Defendants' motion. Id. at 14–16. He rejected their jurisdiction argument and found they had insufficiently developed their argument that Plaintiffs had failed to state a claim. Id.

Plaintiffs filed an objection to the R&R (Dkt. 49), to which Judge Tucker (Dkt. 50), the Warr Defendants (Dkt. 51), and the Caldwell Defendants (Dkt. 53) responded. The Caldwell Defendants also filed an objection to the R&R (Dkt. 46), to which Plaintiffs did not respond.

For the reasons that follow, the Court (i) overrules Plaintiffs' objections, (ii) sustains the Caldwell Defendants' objections, (iii) adopts the R&R in part and denies it in part, and (iv) grants all the motions to dismiss (Dkt. 10, 16, 19, 20).

## II. ANALYSIS

The Court reviews de novo any portion of the R&R to which a specific objection has been made. See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); Alspaugh v. McConnell, 643 F.3d 162, 166 (6th Cir. 2011) ("Only those specific objections to the magistrate's report made to the district court will be preserved for appellate review; making some objections but failing to raise others will not preserve all the objections a party may have.") (punctuation modified).

The Court first addresses the objections filed by Plaintiffs before turning to the objections filed by the Caldwell Defendants.

### A.   Plaintiffs' Objections

Plaintiffs make six objections to the R&R. See Pl. Obj. at PageID.651–655. The Court will not address the first, second, and sixth objections, in which Plaintiffs do not cite to any portion of the R&R, refute any specific findings of the R&R, or specify what is objectionable in the R&R.

Because an objection to an R&R that fails to "explain[] the source of the error" is not a valid objection, the Court overrules these objections. See Howard v. Sec'y of Health & Human Servs., 932 F.2d 505, 509 (6th Cir. 1991).

Plaintiffs' third objection is to the magistrate judge's conclusion that the action against the Gold Defendants must be dismissed because he failed to seek leave of the bankruptcy court before filing the action. Pl. Obj. at PageID.652. Plaintiffs argue that seeking such leave would have been futile. The Court overrules this objection, as Plaintiffs provide no case law to support their theory that futility absolves them of the requirement to seek leave, and do not explain how this claimed error would affect the recommendation in the R&R. See McPherson v. Kelsey, 125 F.3d 989, 996–997 (6th Cir. 1997) ("Issues adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation, are deemed waived. It is not sufficient for a party to mention a possible argument in the most skeletal way, leaving the court to put flesh on its bones.") (punctuation modified).

Plaintiffs' fourth objection is that Gold did not act within his official capacity during the events underlying the lawsuit. Pl. Obj. at PageID.653. Their support for this argument is only that "[a] bankruptcy is supposed to improve an individual's position, Golds [sic] actions made matters worse and almost everyone involved (including Gold and his firm) profited from the hardships of the Williams 'EL family." Id. This objection suffers from the same flaws as the objection above— Plaintiffs provide no factual or legal support. Plaintiffs' critique of the Gold Defendants' actions as not "improving" someone's position or making matters "worse" has no legal basis. The Court overrules it.

Plaintiffs' fifth objection is that the magistrate judge erred in finding Judge Tucker immune from the action because Judge Tucker (i) "is a bankruptcy judge and made a ruling on a Probate

4

matter which is not his jurisdiction," and (ii) violated his oath of office by failing to afford lawful due process. Pl. Obj. at PageID.653. The Court overrules this objection. As Judge Tucker explained in his response to the objection, his ruling on the probate exception is not at issue in this case. Tucker Resp. at 3. And even if it were, bankruptcy judges are permitted to rule on the probate exception. Id. (citing Marshall v. Marshall, 547 U.S. 293 (2006)). Plaintiffs' allegations that Judge Tucker violated his oath of office by failing to afford lawful due process also suffers for lack of factual or legal basis. Plaintiffs' avenues for relief for such alleged misdeeds include an appeal or proceedings for judicial misconduct—not a civil lawsuit. The objection is overruled.

### B. Caldwell Defendants' Objections

The Caldwell Defendants object to the magistrate judge's recommendation to deny their motion to dismiss. See Caldwell Defs. Obj. More specifically, they object to the magistrate judge's finding that they had not properly argued that the Plaintiffs had failed to state a claim against them. Id. at PageID.539–543.

The Court finds that the magistrate judge was not entirely unjustified in criticizing the terse argument made by the Caldwell Defendants. Nevertheless, if it is apparent that a complaint fails to state a claim, it serves no useful purpose to ignore glaring defects, as the amended complaint here displays.

The amended complaint claims that Caldwell was "part of the conspiracy to deprive Mr. Williams of his home." Am. Compl. at PageID.36. But the facts set out in the complaint do not show that claim to be plausible. The only specific fact supporting the conspiracy claim against Caldwell is that he offered Williams $5,000 for his house, stating that Williams was going to lose in court. Id. U-Snap-Bac is alleged to be involved in the conspiracy because it was "in cahoots" with Gold and Majoros. Am. Compl. at PageID.38. None of this adds up to a cognizable cause

of action. And certainly not one under 42 U.S.C. § 1983, which applies to state actors acting under color of state law. See Dominguez v. Corr. Med. Servs., 555 F.3d 543, 549 (6th Cir. 2009). And while Williams invokes the Fifth Amendment, the amended complaint alleges no facts showing that the Caldwell Defendants were federal actors—a prerequisite for invoking that amendment. See Thompson v. Detroit Receiving Hosp., No. 21-12700, 2022 WL 551220, at *3 (E.D. Mich. Feb. 23, 2022). There are no causes of action under the Fifth Amendment against private parties. Scott v. Clay Cnty., 205 F.3d 867, 873 n.8 (6th Cir. 2000). Because Plaintiffs have alleged no cognizable federal claim against the Caldwell Defendants, the claims against them must be dismissed.

The state law claims are also glaringly defective. The claim for fraud and misrepresentation lacks any specificity—a mandatory requirement. See Fed. R. Civ. P. 9(b); Rautu v. U.S. Bank, 557 F. App'x 411, 414 (6th Cir. 2014). Intentional infliction of emotional distress requires truly outrageous conduct. See Andrews v. Prudential Sec., Inc., 160 F.3d 304, 309 (6th Cir. 1998) (holding that, under Michigan law, "[t]he outrageous conduct requirement is satisfied only by conduct that is so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community") (punctuation modified). Plaintiffs allege no facts plausibly showing that. The state law claims must be dismissed as well.

The Court grants the motion to dismiss filed by the Caldwell Defendants and dismisses all claims against them.[2]

---

[2] Plaintiffs did not submit any objections to the magistrate judge's recommendation to grant the Warr Defendants' motion to dismiss.

### III. CONCLUSION

For the reasons stated above, the Court: (i) adopts in part and denies in part the recommendation in the R&R, and (ii) grants all motions to dismiss (Dkts. 10, 16, 19, 20). The case is closed.

SO ORDERED.

Dated: September 29, 2024                                  s/ Mark A. Goldsmith
     Detroit, Michigan                                 MARK A. GOLDSMITH
                                                               United States District Judge